PARIENTE, J.,
concurring.
I agree with the majority’s holding that Cole is entitled to Hurst[6] relief as a result of the nine to three jury recommendation for death. Majority op. at 545. I write separately to expand on the majority’s Hurst analysis, specifically reviewing the mitigation presented at trial.
On direct appeal, we explained the mitigation evidence that the defense presented at the penalty phase of Cole’s trial. Cole v. State, 36 So.3d 597, 603 (Fla. 2010). Specifically, regarding mental health mitigation, Psychiatrist Dr. Earnest Miller “testified that Cole suffered from poly-substance and alcohol abuse, chronic depression, and a personality disorder not otherwise specified [and] ... that Cole had witnessed abuse to family members and pets, had been sexually abused by her father, and had been in abusive relationships with two boyfriends.” Id.
As the majority states, the jury in Cole’s trial recommended each sentence of death by a vote of nine to three. Majority op. at 539-40. The trial court found multiple aggravating factors, four statutory mitigating circumstances, and several nonstatutory mitigating circumstances, which the trial court grouped into six categories. As this Court detailed on direct appeal:
*546 The trial court assigned “some weight” to both the “no significant history of prior criminal activity” mitigating factor and the age at the time of the crime mitigating factor (Cole was twenty-three years old). With respect to the minor participant mitigating factor, the trial court’s order states, “While this defendant might not have turned the spade onto the Sumners, this Court cannot say that her participation was relatively minor. Accordingly, this matter is afforded little weight.” With respect to the “substantial domination” mitigating factor, after noting that there was “some evidence of this mitigator in the record”— i.e., the defendant’s own testimony—the trial court concluded that “given the totality of the circumstances, the Court cannot afford this matter much weight.” The trial court stated that “the evidence tends to indicate that [Cole] knew exactly what she was doing and participated without hesitation.”
The trial court grouped the numerous nonstatutory mitigating factors into six categories. The six categories include: (1) Cole had minimal involvement in the criminal activity (some weight); (2) Cole had psychological circumstances that included lack of self-confidence, low self-esteem, and feelings of inadequacy (little weight); (3) Cole had been a model prisoner (some weight); (4) Cole’s family history included growing up without a father, being raised by a working mother, caring for her brothers and terminally ill father, being a victim of domestic violence, having the capacity to form loving relationships, and having the love and support of her family (some weight); (6) Cole had substance abuse problems (little weight); and (6) Cole was of good character (some weight).
Cole, 36 So.3d at 606; see majority op. at 640.
Despite the trial court’s findings that there were sufficient aggravators to impose death, which outweighed the miti-gators, this Court has no way of knowing whether the jury unanimously found that the aggravation was sufficient to- impose death, or that the aggravation outweighed the mitigation. Also, this Court struck the HAC aggravating factor on direct appeal, which must-be considered in determining “the. effect of any error on the jury’s findings” after Hurst. Wood v. State, 209 So.3d 1217, 1233 (Fla. 2017); see majority op. at 540. In light of the jury’s vote of nine to three to recommend sentences of death in Cole’s case, this Court cannot speculate why the three jurors, who voted to recommend sentences of life imprisonment, determined that death was not the appropriate. punishment. Thus, I agree with the majority’s conclusion, that the Hurst error in Cole’s case was not harmless beyond a reasonable doubt.

. Hurst v. State, 202 So.3d 40 (Fla. 2016), cert. denied, No. 16-998, - U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246, 2017 WL 635999 (U.S. May 22, 2017).